UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-149-MOC-DCK

| MAACO FRANCHISOR SPV, LLC, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| KENNEVAN , LLC, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on a Motion to Dismiss Amended Counterclaims filed by Plaintiff Maaco Franchisor SPV, LLC's ("Maaco"). (Doc. 23). Also pending is Plaintiff's Motion to Dismiss Counterclaims, (Doc. No. 17), which was mooted by Defendants' filing of the Amended Answer and Amended Counterclaims.

## I. BACKGROUND

Plaintiff Maaco filed this action on March 6, 2020, alleging that the franchisor Defendants have breached the parties' franchise agreement and a personal guaranty. Defendants have raised their own counterclaims against Plaintiff for breach of contract and breach of the covenant of good faith and fair dealing. Plaintiff has now filed a motion to dismiss Defendant's counterclaims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a

1

claim.  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993).  Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2).  To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (quoting Twombly, 550 U.S. at 556).  The Court must draw all reasonable factual inferences in favor of the plaintiff.  Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014).  In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth.  Iqbal, 556 U.S. at 678.  Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief.  Id. at 679.

Given the lenient pleading standards of Iqbal and Twombly, the Court will deny the motion to dismiss at this time and hold it under consideration pending further development of the record.

**IV. CONCLUSION**

Plaintiff's Motion to Dismiss Amended Counterclaims is denied, pending further

2

development of the record, and the Court will issue a ruling after discovery and the parties' filing of summary judgment motions. Furthermore, Plaintiff's Motion to Dismiss Counterclaims is denied as rendered moot by Defendants' filing of the Amended Answer and Amended Counterlclaims.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Dismiss Amended Counterclaims, (Doc. 23), is **DENIED**.
2. Plaintiff's Motion to Dismiss Counterclaims, (Doc. No. 17), is **DENIED** as **MOOT**.

Signed: June 2, 2020

Max O. Cogburn Jr
United States District Judge